# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NYRAN DALE THOMPSON, | : | |
| Plaintiff | : | CIVIL NO. 3:CV-16-1529 |
| v. | : | (Judge Caputo) |
| DEPUTY WARDEN CARVER, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

## I. Introduction

Mr. Thompson, a former inmate, proceeds *pro se* and *in forma pauperis* in this action concerning events that transpired at the Monroe County Correctional Facility (MCCF) in Stroudsburg, Pennsylvania.[1] Mr. Thompson filed this action in July 2014. He names the following individuals as defendants: Deputy Warden Caver; Lt. Joynes; Jason Labar; several John Doe Corrections Officers (CO); John Doe Intake Officer; John Doe Pennsylvania State Police (PSP) Trooper; the MCCF; the Monroe County District Attorney's Office; and Jason Labar of the Monroe County Public Defenders Office. (ECF No. 1, Compl.)

As Mr. Thompson is proceeding *in forma pauperis* in this action, the Complaint is before us for screening pursuant to 28 U.S.C. § 1915. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Mr. Thompson will be permitted to file an amended complaint exclusively as to his failure to protect claim.

---

[1] Mr. Thompson initiated this action while incarcerated. He is no longer incarcerated and lives in Binghamton, NY.

## II.     Standard of Review

The Court is required to screen Mr. Thompson's Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)(quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964.  Nonetheless, a complaint has to plead "enough facts to state

a claim to relief that is plausible on its face." *Id*. at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*., 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). A plaintiff is to be granted leave to file a curative amended complaint even when he does not seek leave to amend, unless amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III. Background

#### A. Procedural History

This matter was transferred from the United States District Court for the Eastern District of Pennsylvania to this Court as the MCCF is located in this district. Upon initially screening

the matter, this Court dismissed the action on the basis of Mr. Thompson's apparent failure to pay the requite initial partial filing fee. (ECF No. 18.) Mr. Thompson then sought reconsideration of that order and provided evidence of his payment of the filing fee to the Eastern District of Pennsylvania. The Court then reopened the matter.

### B. Allegations of the Complaint

Mr. Thompson alleges that on April 11, 2014, at approximately 9:00 p.m., while housed at the MCCF, prison officials placed him in a cell with another inmate who was a "known sexual predator." He claims prison officials knew this inmate was "to be separated from general confindment (sic) inmates in the intake area". (ECF No. 1, p. 4.) Mr. Thompson "was approached in a sexually (sic) manner and touched on [his] private part by [the] another inmate". (*Id*., p. 10.) He then "informed the officer on duty numerous times," and was advised he must "stay in this room with a pervert till morning." (*Id*.)

Mr. Thompson claims when the "Officer John Does" removed him from the cell, he was given a grievance form which was ultimately lost by prison officials. (*Id*., p. 4.) Later Mr. Thompson was interviewed by a John Doe PSP Trooper concerning the matter. (*Id*.) He was advised that "this sexual predator would be prosecuted." (*Id*.) Suffering from physical and mental strain following the event, Mr. Thompson asked Lt. Joynes to be placed in a single cell. (*Id*.) Lt. Joynes replied that he would have to request protective custody in order to receive a single cell. (*Id*.) Mr. Thompson grieved the issue of his single cell request to Deputy Warden Carver who arranged for his placement in a single cell. (*Id*., p. 5.)

Mr. Thompson claims he was sexually harassed and physically violated by the other inmate. (*Id*.) He claims he "could have been raped" and "could have been beaten" by his cellmate. (*Id*., p. 10.) He seeks monetary relief for his physical and psychological harm. (*Id*.)

**IV.    Discussion**

    **A.    Failure to State a Claim**

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016).

The Eighth Amendment requires a prison official to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). "In order to succeed on a failure to protect claim under § 1983, an inmate must demonstrate that corrections officers acted with deliberate indifference to a substantial risk of serious harm." *Nifas v. Coleman*, 528 F. App'x 132, 135 (3d Cir. 2013) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)). Similarly, "a pretrial detainee presenting a failure-to-protect claim must plead that the prison official acted with deliberate indifference to the detainee's health or safety." *Burton v. Kindle*, 401 Fed.Appx. 635, 638 (3d Cir. 2010) (per curiam). "Deliberate indifference" is a subjective standard in that "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing

*Beers-Capitol*, 256 F.3d at 125). Thus, a plaintiff must show that the defendant was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See*, e.g. *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior. Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

Here, Mr. Thompson asserts an Eighth Amendment failure-to-protect claim based upon prison officials' deliberate indifference to a substantial threat to his safety when he was placed

in a cell with a known sexual predator who ultimately sexually harassed and touched him. However, he fails to identify any of the Defendants' personal involvement in the decision to place him in the cell with the known sexual predator or that they knew he was exposed to a substantial risk of physical harm if celled with that particular inmate. Mr. Thompson clearly states that his contact with Deputy Warden Caver, Lt. Joynes and the John Doe Corrections Officers occurred *after* he was removed from the cell. The same is true for his contact with the John Doe PSP Trooper. Furthermore, aside from naming the Monroe County District Attorney and Public Defender Jason Labar as defendants, Mr. Thompson fails to even mention them in his statement of his claim.[2] Thus, he fails to state an failure-to-protect claim, or the personal involvement, of any of the named Defendants in any constitutional violation. Accordingly, the Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

### B. Leave to File an Amended Complaint

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this instance, it is likely that Mr. Thompson will be able to cure the identified deficiencies as to his failure-to-protect claim by amendment. Thus, Mr. Thompson will be granted twenty-one days to file an amended complaint. If Mr. Thompson decides to file an amended complaint, he is advised he must clearly designate on

---

[2] To the extend Mr. Thompson seeks to bring a claim against the John Doe PSP Trooper, the Monroe County District Attorney's Office, or Public Defender Labar based on their failure to prosecute the inmate who sexually harassed and touched him, he fails to state a cognizable § 1983 claim. "[T]here is no constitutional right to the investigation or prosecution of another." *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) (per curiam).

the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form. In addition, Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit by adding new or unrelated claims from those set forth in his original Complaint. Also, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Thompson is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice and are not alleged in the amended complaint are waived.

Mr. Thompson is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* Mr. Thompson must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He may name John Does as defendants, but the case may only continue if a specific person is named against whom a valid claim has been alleged. He must also specify the relief he seeks with regard to each claim. Mr. Thompson's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on

which relief may be granted. Mr. Thompson is also cautioned that illegible submissions will be returned to him without consideration.

## VI. Conclusion

For the reasons set forth above, Mr. Thompson's claims against all named defendants will be dismissed for failure to state a claim upon which relief may be granted. His failure-to-protect claim against all defendants is dismissed. If Mr. Thompson files an amended complaint it must be limited to his failure-to-protect claim.

An appropriate order follows.

                                       **/s/ A. Richard Caputo**
                                       **A. RICHARD CAPUTO**
                                       **United States District Judge**

**DATE: May 23, 2017**